### James R. Scott et al. v. Albert C. Burnham.

1. BANKING—*What is Not a Banking Business.*—The act of having a deposit in a Chicago bank, and drawing checks thereon in payment of obligations, and buying checks or exchange from other banks or persons to replenish the deposit fund in the Chicago bank, is not transacting the business of a banker within the interdiction of a bond that the obligor would not engage in the banking business at a place named, during the period of five years.

**Memorandum.**—Action of debt. In the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Declaration on a bond not to engage in the banking business, etc.; pleas denying breaches, etc.; trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

J. L. RAY and J. S. WOLFE, attorneys for appellants.

GERE & PHILBRICK, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was an action in debt by appellants to recover damages for an alleged breach of a bond executed by the appellee, by the conditions whereof he obligated himself, under a penalty of $10,000, that he would not individually or jointly

with any other person or persons engage in the business of banking in Champaign, Illinois, during the period of five years from and after the 12th day of November, 1878. The declaration was filed on the 12th day of October, 1892, nearly nine years after the expiration of the period during which the appellee was, by the bond, interdicted from banking. Five breaches were assigned, the first averring in general terms that the appellee, jointly with other persons, his partners in the real estate and loan business, engaged in the business of banking in Champaign within the prohibited time, and the other breaches assigned the commission of specific acts of banking. The appellee pleaded the performance of the condition of the bond, and denied each alleged specific act charged by the declaration. A trial of the issues before a jury resulted in a verdict and judgment for the appellee, to reverse which this appeal is before us. It is complained that the court ruled improperly in behalf of appellee as to the admission of testimony, and misdirected the jury by improper instructions.

We do not deem it necessary to discuss these complaints for the reason that a careful consideration of the evidence on behalf of the appellants has convinced us that the evidence in behalf of appellants standing alone was wholly insufficient to warrant a verdict in their favor, and was not in any respect aided by testimony produced by the appellee.

The parties were members of a private banking firm in Champaign, Illinois. The appellee sold his interest to the appellants and obligated himself by the bond in suit not to engage in the business of banking for five years in that city. Before the execution of the bond appellee was a member of a firm engaged in the business of selling real estate and loaning money on lands. After the execution of the bond he remained a member of such last named firm, and certain transactions of that firm in the course of the business constituted the alleged breaches of the bond. There is no proof tending to show that this firm was in any way advertised or held out to the public as a banking institution or as desiring patronage in that line of business, or that it received money

on deposit subject to check, or loaned money except upon landed security, or discounted commercial paper or bought or sold drafts in the course of business as a banker, or in any way engaged in competition with appellants in the business of banking within the ordinary meaning of the term. The real estate firm kept a deposit account with a bank at Chicago for the transactions of its own business, and drew checks thereon when necessary in the management of its affairs. The obligation of the bond did not require the appellee or the firm of which he was a member to deposit its funds, buy exchange from or transact its banking business with appellant's bank, but left him and it at perfect liberty to become the customer of another bank in Chicago or in Champaign or elsewhere. The only interdiction is that appellee, individually or jointly with other persons, should not engage in the business of banking.

Having a deposit account in Chicago and drawing checks thereon in payment of the firm obligations, and buying checks or exchange from another bank or person to replenish the deposit fund in the Chicago bank, was not transacting the business of a banker nor within the interdiction of the bond. Nothing beyond this was proven by the evidence in behalf of the appellants.

The verdict returned by the jury should have been returned had the appellee introduced no proof and the court given no instructions.

The proof upon the part of the appellee had no tendency to aid the cause for the appellant. Hence, the appellant ought not have recovered upon the merits, and that being so, the judgment must be affirmed.